WILLIAM H. KELLY, Com'r of Banking and Ins. of New Jersey, v. W. V. KNOTT, State Treasurer, and *ex officio* Insurance Com'r, *et al.*

157 So. 22.

Division B.

Opinion Filed August 4, 1934.

*Herbert U. Feibelman, Louis M. Jepeway* and *William C. Hodges,* for Appellant;

*Stanley C. Myers* and *Waller & Pepper,* for Appellees.

BUFORD, J.—On December 19, 1932, William H. Kelly, Commissioner of Banking and Insurance of the State of New Jersey, filed a bill of complaint in the Circuit Court

of Leon County against W. V. Knott as State Treasurer and *ex officio* Insurance Commissioner of the State of Florida, and New Jersey Fidelity & Plate Glass Insurance Company, a corporation organized under the insurance laws of the State of New Jersey, in which it was alleged that New Jersey Fidelity & Plate Glass Insurance Company, which will hereinafter be called the New Jersey Company, had qualified to do a surety business in the State of Florida and had deposited $75,000.00 in securities with the State Treasurer under the statutes of this State relating to such required deposit by surety companies.

That the New Jersey Company had become insolvent and that he, the complainant, had become the Liquidator of that company. He alleged that the liabilities in Florida would exceed the assets of the company in this State, which assets were constituted entirely by the deposit of securities on file in the State Treasurer's office, and prayed that the Court take jurisdiction of the case for the purpose of paying the Florida obligees who might become entitled to receive indemnity from the New Jersey Company *pro tanto,* to the end that the fund might not be exhausted by the application of a few obligees, thereby leaving a great number of the obligees without pay.

The Court assumed jurisdiction and made certain orders.

On May 16, 1933, The London Operating Company filed bill of complaint in the Circuit Court of the Second Judicial Circuit of Florida in and for Leon County, whereby it was alleged that it held a judgment against the New Jersey Company and prayed for the appointment of a receiver to take over the assets of the company in the hands of the State Treasurer and distribute the same to the benefit of the creditors.

The latter bill was filed under provisions of Chapter 16248, Acts of 1933. Prior to the passage of that Act the

Circuit Court of Leon County was without jurisdiction to proceed in accordance with the provisions which were brought into being with the enactment of that statute. After the latter bill was filed the cases were consolidated and certain orders were made. Later Complainant Kelly and his attorney filed petitions for reimbursement and compensation to be paid from the fund in the hands of the receiver appointed by the Court. On those petitions the Court made and entered the folowing Order, to-wit:

"This cause came on to be heard upon the petition of Herbert U. Feibelman for compensation and reimbursement. upon the sworn petition of petitioner, affidavits of attorneys as to the reasonableness of the compensation prayed for and the records of the consolidated suits as entitled above, and same was argued by counsel for the respective parties, and the Court having considered the matter and being advised doth find:

"First. That the petitioner, Herbert U. Feibelman, was employed by Honorable William H. Kelly, Commissioner of Banking and Insurance of the State of New Jersey.

"Second. This Court holds that the employment of petitioner by the Commissioner of Banking and Insurance of the State of New Jersey was not for the conservation of the securities, trust fund, in the hands of the State Treasurer of the State of Florida; that such securities, trust fund, were already conserved for the benefit of Florida claimants and were to be administered and paid out under the provisions of then existing law; that petitioner should be compensated out of the general estate of the New Jersey Fidelity and Plate Glass Insurance Company, or out of any surplus in the trust fund after payment of Florida claims and the expenses of the Florida receivership.

"Third. That the Court considers the compensation asked for to be exorbitant. Therefore,

"It is ordered, adjudged and decreed that said petition be and the same is hereby denied as to payment out of the trust funds in the hands of the Florida receiver until all Florida claims and the expense of the Florida receivership has been paid.

"Ordered, adjudged and decreed at Chambers, Tallahassee, Florida, this November 14th, 1933."

It is contended by petitioners that Kelly and his attorney brought a fund into court to be distributed to creditors and that, therefore, they are entitled to reimbursement for expenses and to the payment of fees. If their premises were correct, then they would be entitled to reimbursement for expenses, but they neither discovered nor brought anything into court. At the time their bill was filed the securities were in the hands of the State Treasurer representing the sovereignty of Florida and such funds were there for the benefit of creditors under the statutes of this State. The funds were transferred from the hands of the Treasurer to the Receiver under the provisions of Chapter 16248, *supra,* at the instance of The London Operating Company by suit filed after that statute became operative.

We think that under the facts in the case the holding of the Chancellor as stated in his Order, is entirely correct and reflects the law controlling the questions presented here. It is from this Order that the appeal was taken.

We concede that the principles of law contended for in appellant's brief are sound, but it happens that they are not applicable in the present case because of the factual conditions.

The order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

Davis, C. J., and Ellis and Terrell, J. J., concur in the opinion and judgment.